**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No: 2:24-cv-00126-GSL-JEM |
| | ) | |
| SUMMIT, INC., STONE TRANSPORT, LP, | ) | |
| LOAD N GO EXPRESS, LLC, J&D | ) | |
| TRUCKING, INC., FIRST KEEZ | ) | |
| ACQUISITIONS LLC, JOHN RUSSELL | ) | |
| SMITH JR., JOSHUA CURTIS RIDDLE, | ) | |
| JACOB ALLEN REYNOLDS, MARLAND | ) | |
| TIRRELL BARNER, RAFAEL ANTONIO | ) | |
| BERRIOS JR., WARDELL W. BROWN, & | ) | |
| AARON EUGENE GODLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, UNITED STATES STEEL CORPORATION ("Plaintiff"), by and through their

undersigned counsel, for its causes of action against Defendants, SUMMIT, INC. ("Summit"),

STONE TRANSPORT, LP ("Stone"), LOAD N GO EXPRESS, LLC ("Load n Go"),

J&D TRUCKING, INC. ("J&D Trucking"), FIRST KEEZ ACQUISITIONS LLC ("Keez"),

JOHN RUSSELL SMITH JR. ("Smith"), JOSHUA CURTIS RIDDLE ("Riddle"), JACOB

ALLEN REYNOLDS ("Reynolds"), MARLAND TIRRELL BARNER ("Barner"), RAFAEL

ANTONIO BERRIOS JR. ("Berrios"), WARDELL W. BROWN ("Brown"), and AARON

EUGENE GODLEY ("Godley") (referred to collectively as "Defendants"), states as follows:

**Statement of the Case**

In this action, Plaintiff requests relief from the Court for losses stemming from Defendants'

theft of scrap metal from Plaintiff. Specifically, Smith, Riddle, Reynolds, Barner, Berrios, Brown,

and Godley used trucks owned by Stone, Load n Go, and J&D to transport scrap metal owned by

Plaintiff and sell the scrap metal to Summit without Plaintiff's approval or consent.  The value of the scrap metal stolen by Defendants is in excess of $5 million.  Plaintiff also suffered lost profits as a result of Defendants depriving Plaintiff of the future use of the scrap metal and has incurred other damages for which it seeks compensation.

## Parties

1.      United States Steel Corporation is a Delaware corporation with its principal office in Pittsburgh, Pennsylvania.

2.      Summit, Inc. is an Indiana corporation with its principal office in Gary, Indiana.

3.      Stone Transport, LP is a Michigan limited partnership with its principal office in Saginaw, Michigan.

4.      Publicly available information, both through the Michigan Department of Licensing and Regulatory Affairs Corporations Online Filing System ("LARA") and dockets, reveals the membership of Stone Transport to be as follows:

    i.      STGP, LLC, a Michigan limited liability company, is the general partner of Stone Transport, LP.

5.      Publicly available information, both through LARA and dockets, does not reveal the membership of STGP, LLC.  (A true and correct copy of the available information through LARA is attached hereto as Exhibit A).

6.      Similarly, publicly available information, both through LARA and dockets, does not reveal the identity of Stone Transport's limited partners.  (A true and correct copy of the available information through LARA is attached hereto as Exhibit B).

7.      Based on information and belief, none of the partners of Stone Transport, LP are citizens of Delaware.

2

8.      Based on information and belief, none of the partners of Stone Transport, LP are citizens of Pennsylvania.

9.      Based on information and belief, none of the members of STGP, LLC are citizens of Delaware.

10.     Based on information and belief, none of the members of STGP, LLC are citizens of Pennsylvania.

11.     Load n Go Express, LLC is an Indiana limited liability company with its principal office in Merrillville, Indiana.

12.     The members of Load n Go are as follows:

    i.      Ilija Pecoski, a citizen of Indiana; and

    ii.     Aleksandar Ristevski, a citizen of Indiana.

13.     J&D Trucking, Inc. is an Illinois corporation with its principal office in Oak Lawn, Illinois.

14.     First Keez Acquisitions LLC is an Indiana limited liability company with its principal office in Portage, Indiana.

15.     The members of Keez are as follows:

    i.      Aaron Eugene Godley, a citizen of Florida.

16.     John Russell Smith Jr. is a citizen of Indiana.

17.     Joshua Curtis Riddle is a citizen of Illinois.

18.     Jacob Allen Reynolds is a citizen of Indiana.

19.     Marland Tirrell Barner is a citizen of Illinois.

20.     Rafael Antonio Berrios Jr. is a citizen of Indiana.

21.     Wardell W. Brown is a citizen of Illinois.

22.     Aaron Eugene Godley is a citizen of Florida.

## Jurisdiction and Venue

23.     This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 as several claims arose under 49 U.S.C. § 14706 *et seq* (the "Carmack Amendment").

24.     This Court has supplemental jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. § 1367.

25.     Additionally, this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

26.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as several Defendants reside in the Northern District of Indiana and a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Indiana.

## Facts Common to All Claims

27.     Plaintiff is a steel producer that serves the automotive, construction, appliance, energy, containers, and packaging industries with high-valued steel products.  Plaintiff has facilities at, among other locations, 6290 U.S. 12, Portage, Indiana 46368 (the "Midwest Plant") and 1 Broadway, Gary, Indiana 46402 ("Gary Works").

28.     Stone is a subcontractor of a vendor/contractor of Plaintiff's, through which Stone is contractually obligated to Plaintiff to transport Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility.

29.     While the majority of these loads of the scrap metal had a final destination at the Gary Works facility, some of the loads were also transported to other locations out of state.

30.     On, about, or between August 17, 2020 and August 4, 2022, Smith organized a scheme to steal the scrap metal belonging to Plaintiff.

31.     Smith recruited other individuals to assist in his scheme, including Riddle, Reynolds, Barner, Berrios, Brown, and Godley (referred to collectively as the "Individual Defendants").

32.     Between August 17, 2020 and August 4, 2022, the Individual Defendants transported scrap metal belonging to Plaintiff from Stone to Summit.

33.     Summit is a scrap yard located in Gary, Indiana.

34.     The Individual Defendants transported Plaintiff's scrap metal from Stone to Summit using trucks belonging to Stone, Load n Go, and J&D Trucking.

35.     Summit paid the Individual Defendants for the scrap metal and took possession of the scrap metal.

36.     Godley deposited his proceeds from the theft of the scrap metal into a bank account maintained by Keez.

37.     As a result of their scheme, the Individual Defendants have been charged with multiple felonies, including theft and check fraud.

38.     The value of the stolen scrap metal is in excess of $5 million.

39.     Plaintiff also suffered lost profits as a result of being deprived of the future use of the scrap metal as well as other damages.

## COUNT I
### (Carmack Amendment Claims – Summit, Inc.)

40.     Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

41.     At all times relevant to this action, Summit was a "carrier" as that term is used in 49 U.S.C. § 14706(a)(1).

42. As a carrier, Summit was obligated by the Carmack Amendment to properly and safely transport, handle, carry, keep, care for, discharge, and deliver Plaintiff's scrap metal in the same good order and condition as when Summit received the scrap metal.

43. Summit breached its obligations under the Carmack Amendment by failing to ensure the scrap metal was delivered in the same good order and condition.

44. As a direct and proximate result of Summit's breach of its obligations under the Carmack Amendment, Plaintiff was deprived of the value of the scrap metal and suffered damages.

45. As a direct and proximate result of Summit's breach of its obligations under the Carmack Amendment, Plaintiff also suffered lost profits due to being deprived of the future use of the stolen scrap metal.

46. As a direct and proximate result of Summit's breach of its obligations under the Carmack Amendment, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, SUMMIT, INC.

## COUNT II
### (Carmack Amendment Claims – Stone Transport, LP)

47. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

48. At all times relevant to this action, Stone was a "carrier" as that term is used in 49 U.S.C. § 14706(a)(1).

49. As a carrier, Stone was obligated by the Carmack Amendment to properly and safely transport, handle, carry, keep, care for, discharge, and deliver Plaintiff's scrap metal in the same good order and condition as when Stone received the scrap metal.

50.     Stone breached its obligations under the Carmack Amendment by allowing the Individual Defendants to steal Plaintiff's scrap metal.

51.     As a direct and proximate result of Stone's breach of its obligations under the Carmack Amendment, Plaintiff was deprived of the value of the scrap metal and suffered damages.

52.     As a direct and proximate result of Stone's breach of its obligations under the Carmack Amendment, Plaintiff also suffered lost profits due to being deprived of the future use of the stolen scrap metal.

53.     As a direct and proximate result of Stone's breach of its obligations under the Carmack Amendment, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

## COUNT III
### (Carmack Amendment Claims – Load n Go Express, LLC)

54.     Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

55.     At all times relevant to this action, Load n Go was a "carrier" as that term is used in 49 U.S.C. § 14706(a)(1).

56.     As a carrier, Load n Go was obligated by the Carmack Amendment to properly and safely transport, handle, carry, keep, care for, discharge, and deliver Plaintiff's scrap metal in the same good order and condition as when Load n Go received the scrap metal.

57.     Load n Go breached its obligations under the Carmack Amendment by allowing the Individual Defendants to steal Plaintiff's scrap metal.

58.     As a direct and proximate result of Load n Go's breach of its obligations under the Carmack Amendment, Plaintiff was deprived of the value of the scrap metal and suffered damages.

7

59.     As a direct and proximate result of Load n Go's breach of its obligations under the Carmack Amendment, Plaintiff also suffered lost profits due to being deprived of the future use of the stolen scrap metal.

60.     As a direct and proximate result of Load n Go's breach of its obligations under the Carmack Amendment, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, LOAD N GO EXPRESS, LLC.

**COUNT IV**
**(Carmack Amendment Claims —J&D Trucking, Inc.)**

61.     Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

62.     At all times relevant to this action, J&D Trucking was a "carrier" as that term is used in 49 U.S.C. § 14706(a)(1).

63.     As a carrier, J&D Trucking was obligated by the Carmack Amendment to properly and safely transport, handle, carry, keep, care for, discharge, and deliver Plaintiff's scrap metal in the same good order and condition as when J&D Trucking received the scrap metal.

64.     J&D Trucking breached its obligations under the Carmack Amendment by allowing the Individual Defendants to steal Plaintiff's scrap metal.

65.     As a direct and proximate result of J&D Trucking's breach of its obligations under the Carmack Amendment, Plaintiff was deprived of the value of the scrap metal and suffered damages.

66.     As a direct and proximate result of J&D Trucking's breach of its obligations under the Carmack Amendment, Plaintiff also suffered lost profits due to being deprived of the future use of the stolen scrap metal.

67. As a direct and proximate result of J&D Trucking's breach of its obligations under the Carmack Amendment, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, J&D TRUCKING, INC.

**COUNT V**
**(Carmack Amendment Claims —First Keez Acquisitions, LLC)**

68. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

69. At all times relevant to this action, Keez was a "carrier" as that term is used in 49 U.S.C. § 14706(a)(1).

70. As a carrier, Keez was obligated by the Carmack Amendment to properly and safely transport, handle, carry, keep, care for, discharge, and deliver Plaintiff's scrap metal in the same good order and condition as when Keez received the scrap metal.

71. Keez breached its obligations under the Carmack Amendment by allowing the Individual Defendants to steal Plaintiff's scrap metal.

72. As a direct and proximate result of Keez's breach of its obligations under the Carmack Amendment, Plaintiff was deprived of the value of the scrap metal and suffered damages.

73. As a direct and proximate result of Keez's breach of its obligations under the Carmack Amendment, Plaintiff also suffered lost profits due to being deprived of the future use of the stolen scrap metal.

74. As a direct and proximate result of Keez's breach of its obligations under the Carmack Amendment, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, FIRST KEEZ ACQUISITIONS LLC.

## COUNT VI
### (Indiana Crime Victim's Relief Act Claims – Summit, Inc.)

75. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

76. Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

77. One of the enumerated offenses under Indiana Code § 34-24-3-1 is receiving or possessing stolen property.

78. Summit received and possessed Plaintiff's stolen scrap metal.

79. As a direct and proximate result of Summit's receipt and possession of Plaintiff's stolen scrap metal, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

80. As a direct and proximate result of Summit's receipt and possession of Plaintiff's stolen scrap metal, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, SUMMIT, INC.

## COUNT VII
### (Indiana Crime Victim's Relief Act Claims – Stone Transport, LP)

81. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

82. Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

83. One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

10

84.    At least one of the Individual Defendants was an employee or agent of Stone at the time they committed theft by stealing Plaintiff's scrap metal.

85.    Smith was an employee or agent of Stone at the time he committed theft by stealing Plaintiff's scrap metal.

86.    Smith was acting within the scope of his employment or agency with Stone when he committed theft by stealing Plaintiff's scrap metal.

87.    As a direct and proximate result of Smith committing said theft while acting within the scope of his employment or agency with Stone, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

88.    As a direct and proximate result of Smith committing said theft while acting within the scope of his employment or agency with Stone, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

## COUNT VIII
### (Indiana Crime Victim's Relief Act Claims – Load n Go Express, LLC)

89.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

90.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

91.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

92.    At least one of the Individual Defendants was an employee or agent of Load n Go at the time they committed theft by stealing Plaintiff's scrap metal.

11

93.    Barner was an employee or agent of Load n Go at the time he committed theft by stealing Plaintiff's scrap metal.

94.    Barner was acting within the scope of his employment or agency with Load n Go when he committed theft by stealing Plaintiff's scrap metal.

95.    As a direct and proximate result of Barner committing said theft while acting within the scope of his employment or agency with Load n Go, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

96.    As a direct and proximate result of Barner committing said theft while acting within the scope of his employment or agency with Load n Go, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, LOAD N GO EXPRESS, LLC.

## COUNT IX
**(Indiana Crime Victim's Relief Act Claims – J&D Trucking, Inc.)**

97.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

98.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

99.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

100.    At least one of the Individual Defendants was an employee or agent of J&D Trucking at the time they committed theft by stealing Plaintiff's scrap metal.

101.    Berrios was an employee or agent of J&D Trucking at the time he committed theft by stealing Plaintiff's scrap metal.

102. Berrios was acting within the scope of his employment or agency with J&D Trucking when he committed theft by stealing Plaintiff's scrap metal.

103. As a direct and proximate result of Berrios committing said theft while acting within the scope of his employment or agency with J&D Trucking, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

104. As a direct and proximate result of Berrios committing said theft while acting within the scope of his employment or agency with J&D Trucking, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, J&D TRUCKING, INC.

## COUNT X
**(Indiana Crime Victim's Relief Act Claims – First Keez Acquisitions LLC)**

105. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

106. Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

107. One of the enumerated offenses under Indiana Code § 34-24-3-1 is aiding, inducing, or causing, theft.

108. At all times relevant to this Complaint, Godley was the sole member of Keez.

109. Godley was an employee or agent of Keez at the time he aided, induced, or caused theft by participating in the Individual Defendants' scheme to steal Plaintiff's scrap metal.

110.    Godley was acting within the scope of his employment or agency with Keez when he aided, induced, or caused theft by participating in the Individual Defendants' scheme to steal Plaintiff's scrap metal.

111.    As a direct and proximate result of Godley aiding, inducing, or causing said theft while acting within the scope of his employment or agency with Keez, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

112.    As a direct and proximate result of Keez aiding, inducing, or causing said theft while acting within the scope of his employment or agency with Keez, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, FIRST KEEZ ACQUISITIONS LLC.

### COUNT XI
### (Indiana Crime Victim's Relief Act Claims – John Russell Smith, Jr.)

113.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

114.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

115.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

116.    Smith committed theft against Plaintiff by stealing Plaintiff's scrap metal.

117.    Smith has been charged in Porter County, Indiana with Theft, a Level 5 Felony, in cause number 64D05-2310-F5-009134.

118.    As a direct and proximate result of Smith committing said theft, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

14

119.    As a direct and proximate result of Smith committing said theft, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, JOHN RUSSELL SMITH, JR.

## COUNT XII
### (Indiana Crime Victim's Relief Act Claims – Joshua Curtis Riddle)

120.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

121.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

122.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is check fraud.

123.    Riddle committed check fraud due to involvement in the scheme to steal scrap metal from Plaintiff.

124.    Riddle has been charged in Porter County, Indiana with Check Fraud, a Level 5 Felony, in cause number 64D01-2310-F5-009135.

125.    As a direct and proximate result of Riddle committing said check fraud, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

126.    As a direct and proximate result of Riddle committing said check fraud, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, JOSHUA CURTIS RIDDLE.

15

## COUNT XIII
### (Indiana Crime Victim's Relief Act Claims – Jacob Allen Reynolds)

127.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

128.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

129.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

130.    Reynolds committed theft against Plaintiff by stealing Plaintiff's scrap metal.

131.    Reynolds has been charged in Porter County, Indiana with Theft, a Level 5 Felony, in cause number 64D05-2310-F5-009126.

132.    As a direct and proximate result of Reynolds committing said theft, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

133.    As a direct and proximate result of Reynolds committing said theft, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, JACOB ALLEN REYNOLDS.

## COUNT XIV
### (Indiana Crime Victim's Relief Act Claims – Marland Tirrell Barner)

134.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

135.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

16

136.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is aiding, inducing, or causing theft.

137.    Barner committed theft against Plaintiff by stealing Plaintiff's scrap metal.

138.    Barner has been charged in Porter County, Indiana with Theft, a Level 5 Felony, in cause number 64D02-2310-F5-009140.

139.    As a direct and proximate result of Barner committing said theft, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

140.    As a direct and proximate result of Barner committing said theft, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, MARLAND TIRRELL BARNER.

## COUNT XV
### (Indiana Crime Victim's Relief Act Claims – Rafael Antonio Berrios)

141.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

142.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

143.    One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

144.    Berrios committed theft against Plaintiff by stealing Plaintiff's scrap metal.

145.    Berrios has been charged in Porter County, Indiana with Theft, a Level 5 Felony, in cause number 64D02-2310-F5-009136.

146.    As a direct and proximate result of Berrios committing said theft, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

147. As a direct and proximate result of Berrios committing said theft, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, RAFAEL ANTONIO BERRIOS.

## COUNT XVI
### (Indiana Crime Victim's Relief Act Claims – Wardell W. Brown)

148. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

149. Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

150. One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

151. Brown committed theft against Plaintiff by stealing Plaintiff's scrap metal.

152. Brown has been charged in Porter County, Indiana with Theft, a Level 5 Felony, in cause number 64D01-2305-F5-003862.

153. As a direct and proximate result of Brown committing said theft, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

154. As a direct and proximate result of Brown committing said theft, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, WARDELL W. BROWN.

## COUNT XVII
### (Indiana Crime Victim's Relief Act Claims – Aaron Eugene Godley)

155. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

156. Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

157. One of the enumerated offenses under Indiana Code § 34-24-3-1 is aiding, inducing, or causing theft.

158. Godley aided, induced, or caused theft against Plaintiff through his participation in the Individual Defendants' scheme to steal Plaintiff's scrap metal.

159. Godley has been charged in Porter County, Indiana with Aiding, Inducing, or Causing Theft, a Level 5 Felony, in cause number 64D01-2408-F5-008811.

160. As a direct and proximate result of Godley aiding, inducing, or causing said theft, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

161. As a direct and proximate result of Godley aiding, inducing, or causing said theft, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, AARON EUGENE GODLEY.

## COUNT XVIII
### (Conversion – Stone Transport, LP)

162. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

163. At all times relevant to this Complaint, Smith was an employee or agent of Stone.

19

164. Smith appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

165. Smith was acting within the scope of his employment or agency with Stone when he deprived Plaintiff of the use and benefit of the scrap metal.

166. As a direct and proximate result of Smith's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

167. As a direct and proximate result of Smith's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

**COUNT XIX**
**(Conversion – Load n Go Express, LLC)**

168. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

169. At all times relevant to this Complaint, Barner was an employee or agent of Load n Go.

170. Barner appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

171. Barner was acting within the scope of his employment or agency with Load n Go when he deprived Plaintiff of the use and benefit of the scrap metal.

172. As a direct and proximate result of Barner's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

173. As a direct and proximate result of Barner's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, LOAD N GO EXPRESS, LLC.

## COUNT XX
### (Conversion – J&D Trucking, Inc.)

174. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

175. At all times relevant to this Complaint, Berrios was an employee or agent of J&D Trucking.

176. Berrios appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

177. Berrios was acting within the scope of his employment or agency with J&D Trucking when he deprived Plaintiff of the use and benefit of the scrap metal.

178. As a direct and proximate result of Berrios' actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

179. As a direct and proximate result of Berrios' actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, J&D TRUCKING, INC.

## COUNT XXI
### (Conversion – First Keez Acquisitions LLC)

180. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

181. At all times relevant to this Complaint, Godley was the sole member of Keez.

182. Godley sold Plaintiff's scrap metal to Summit.

21

183. Godley then deposited the proceeds from his sale of Plaintiff's scrap metal to a bank account controlled by Keez.

184. Keez therefore deprived Plaintiff of the use and benefit of its scrap metal by appropriating the proceeds acquired from the sale of Plaintiff's scrap metal.

185. As a direct and proximate result of Keez's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

186. As a direct and proximate result of Keez's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, FIRST KEEZ ACQUISITIONS, LLC.

## COUNT XXII
### (Conversion – John Russell Smith, Jr.)

187. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

188. Smith appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

189. As a direct and proximate result of Smith's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

190. As a direct and proximate result of Smith's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, JOHN RUSSELL SMITH, JR.

## COUNT XXIII
### (Conversion – Joshua Curtis Riddle)

191. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

192. Riddle appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

193. As a direct and proximate result of Riddle's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

194. As a direct and proximate result of Riddle's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, JOSHUA CURTIS RIDDLE.

## COUNT XXIV
### (Conversion – Jacob Allen Reynolds)

195. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

196. Reynolds appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

197. As a direct and proximate result of Reynolds' actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

198. As a direct and proximate result of Reynolds' actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, JACOB ALLEN REYNOLDS.

**COUNT XXV**
**(Conversion – Marland Tirrell Barner)**

199. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

200. Barner appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

201. As a direct and proximate result of Barner's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

202. As a direct and proximate result of Barner's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, MARLAND TIRRELL BARNER.

**COUNT XXVI**
**(Conversion – Rafael Antonio Berrios)**

203. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

204. Berrios appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

205. As a direct and proximate result of Berrios' actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

206. As a direct and proximate result of Berrios' actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, RAFAEL ANTONIO BERRIOS.

## COUNT XXVII
### (Conversion – Wardell W. Brown)

207.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

208.    Brown appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

209.    As a direct and proximate result of Brown's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

210.    As a direct and proximate result of Brown's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, WARDELL W. BROWN.

## COUNT XXVIII
### (Conversion – Aaron Eugene Godley)

211.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

212.    Godley appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

213.    As a direct and proximate result of Godley's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

214.    As a direct and proximate result of Godley's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, AARON EUGENE GODLEY.

## COUNT XXIX
**(Negligent Hiring, Training, or Supervision Claims – Summit, Inc.)**

215. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

216. At all times relevant to this Complaint, Summit was an employer.

217. Summit knew, or should have known, that employees would misconduct themselves in the course of their employment.

218. Summit had a duty to exercise reasonable care in its hiring, training, or supervision of its employees.

219. Summit breached its duty to exercise reasonable care in its hiring, training, or supervision of its employees in multiple manners, including by failing to hire employees who would not engage in criminal conduct, and by failing to supervise its employees and prevent them from engaging in criminal conduct.

220. As a direct and proximate result of Summit's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

221. As a direct and proximate result of Summit's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, SUMMIT, INC.

## COUNT XXX
**(Negligent Hiring, Training, or Supervision Claims – Stone Transport, LP)**

222. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

223. At all times relevant to this Complaint, Stone was an employer.

224. Smith was an employee of Stone.

225. Stone knew, or should have known, that Smith would misconduct himself in the course of his employment.

226. As Smith was an employee of Stone, Stone had a duty to exercise reasonable care in its hiring, training, or supervision of Smith.

227. Stone breached its duty to exercise reasonable care in its hiring, training, or supervision of Smith by allowing Smith to steal Plaintiff's scrap metal.

228. As a direct and proximate result of Stone's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

229. As a direct and proximate result of Stone's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

## COUNT XXXI
### (Negligent Hiring, Training, or Supervision Claims – Load n Go Express, LLC)

230. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

231. At all times relevant to this Complaint, Load n Go was an employer.

232. Barner was an employee of Load n Go.

233. Load n Go knew, or should have known, that Barner would misconduct himself in the course of his employment.

234. As Barner was an employee of Load n Go, Load n Go had a duty to exercise reasonable care in its hiring, training, or supervision of Barner.

27

235.    Load n Go breached its duty to exercise reasonable care in its hiring, training, or supervision of Barner by allowing Barner to steal Plaintiff's scrap metal.

236.    As a direct and proximate result of Load n Go's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

237.    As a direct and proximate result of Load n Go's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, LOAD N GO EXPRESS, LLC.

**COUNT XXXII**
**(Negligent Hiring, Training, or Supervision Claims – J&D Trucking, Inc.)**

238.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

239.    At all times relevant to this Complaint, J&D Trucking was an employer.

240.    Berrios was an employee of J&D Trucking.

241.    J&D Trucking knew, or should have known, that Berrios would misconduct himself in the course of his employment.

242.    As Berrios was an employee of J&D Trucking, J&D Trucking had a duty to exercise reasonable care in its hiring, training, or supervision of Berrios.

243.    J&D Trucking breached its duty to exercise reasonable care in its hiring, training, or supervision of Berrios by allowing Berrios to steal Plaintiff's scrap metal.

244.    As a direct and proximate result of J&D Trucking's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

245.    As a direct and proximate result of J&D Trucking's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, J&D TRUCKING, INC.

## COUNT XXXIII
### (Negligent Hiring, Training, or Supervision Claims – First Keez Acquisitions LLC)

246. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

247. At all times relevant to this Complaint, Keez was an employer.

248. Godley was an employee of Keez.

249. Keez knew, or should have known, that Godley would misconduct himself in the course of his employment.

250. As Godley was an employee of Keez, Keez had a duty to exercise reasonable care in its hiring, training, or supervision of Godley.

251. Keez breached its duty to exercise reasonable care in its hiring, training, or supervision of Godley by allowing Godley to participate in the Individual Defendants' scheme to steal Plaintiff's scrap metal.

252. As a direct and proximate result of Keez's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

253. As a direct and proximate result of Keez's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, FIRST KEEZ ACQUISITIONS LLC.

29

**COUNT XXXIV**
**(Fraud – Stone Transport, LP)**

254.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

255.    Stone, through Smith, made material misrepresentations to Plaintiff that Stone had the ability to safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility.

256.    Stone and Smith made these representations knowingly or with reckless indifference to the truth.

257.    Despite having represented to Plaintiff that Stone could safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility, between August 17, 2020 and August 4, 2022, Smith, in the scope of his employment with Stone, organized a scheme to steal Plaintiff's scrap metal.

258.    Plaintiff relied on Stone's material misrepresentations.

259.    Plaintiff was damaged as a result of its reliance on Stone's material misrepresentations.

260.    Plaintiff is entitled to damages in excess of $5 million, plus treble damages and attorney fees, as a result of Stone's fraud.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

**COUNT XXXV**
**(Fraud – Load n Go Express, LLC)**

261.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

30

262. Load n Go, through Barner, made material misrepresentations to Plaintiff that Load n Go had the ability to safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility.

263. Load n Go and Barner made these representations knowingly or with reckless indifference to the truth.

264. Despite having represented to Plaintiff that Load n Go could safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility, between August 17, 2020 and August 4, 2022, Barner, in the scope of his employment with Load n Go, actively participated in a scheme to steal Plaintiff's scrap metal.

265. Plaintiff relied on Load n Go's material misrepresentations.

266. Plaintiff was damaged as a result of its reliance on Load n Go's material misrepresentations.

267. Plaintiff is entitled to damages in excess of $5 million, plus treble damages and attorney fees, as a result of Load n Go's fraud.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, LOAD N GO EXPRESS, LLC.

## COUNT XXXVI
### (Fraud – J&D Trucking, Inc.)

268. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

269. J&D Trucking, through Berrios, made material misrepresentations to Plaintiff that J&D Trucking had the ability to safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility.

270.    J&D Trucking and Berrios made these representations knowingly or with reckless indifference to the truth.

271.    Despite having represented to Plaintiff that J&D Trucking could safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility, between August 17, 2020 and August 4, 2022, Berrios, in the scope of his employment with J&D Trucking, actively participated in a scheme to steal Plaintiff's scrap metal.

272.    Plaintiff relied on J&D Trucking's material misrepresentations.

273.    Plaintiff was damaged as a result of its reliance on J&D Trucking's material misrepresentations.

274.    Plaintiff is entitled to damages in excess of $5 million, plus treble damages and attorney fees, as a result of J&D Trucking's fraud.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, J&D TRUCKING, INC.

### COUNT XXXVII
**(Negligent Bailment – Stone Transport, LP)**

275.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

276.    Stone was entrusted with Plaintiff's scrap metal for the specific purpose of delivering the scrap metal to Plaintiff's Gary, Indiana plant.

277.    Stone had exclusive possession of Plaintiff's scrap metal.

278.    Stone accepted the scrap metal in good condition but failed to deliver the scrap metal as entrusted.

279.    In failing to deliver Plaintiff's scrap metal, Stone breached its duty of care to Plaintiff.

280.     As a direct and proximate result of Stone's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

281.     As a direct and proximate result of Stone's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

## COUNT XXXVIII
### (Negligent Bailment – Load n Go Express, LLC)

282.     Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

283.     Load n Go was entrusted with Plaintiff's scrap metal for the specific purpose of delivering the scrap metal to Plaintiff's Gary, Indiana plant.

284.     Load n Go had exclusive possession of Plaintiff's scrap metal.

285.     Load n Go accepted the scrap metal in good condition but failed to deliver the scrap metal as entrusted.

286.     In failing to deliver Plaintiff's scrap metal, Load n Go breached its duty of care to Plaintiff.

287.     As a direct and proximate result of Load n Go's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

288.     As a direct and proximate result of Load n Go's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, LOAD N GO EXPRESS, LLC.

### COUNT XXXIX
**(Negligent Bailment – J&D Trucking, Inc.)**

289.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

290.    J&D Trucking was entrusted with Plaintiff's scrap metal for the specific purpose of delivering the scrap metal to Plaintiff's Gary, Indiana plant.

291.    J&D Trucking had exclusive possession of Plaintiff's scrap metal.

292.    J&D Trucking accepted the scrap metal in good condition but failed to deliver the scrap metal as entrusted.

293.    In failing to deliver Plaintiff's scrap metal, J&D Trucking breached its duty of care to Plaintiff.

294.    As a direct and proximate result of J&D Trucking's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

295.    As a direct and proximate result of J&D Trucking's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, J&D TRUCKING, INC.

### COUNT XL
**(Negligent Bailment – First Keez Acquisitions LLC)**

296.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

297.    Keez was entrusted with Plaintiff's scrap metal for the specific purpose of delivering the scrap metal to Plaintiff's Gary, Indiana plant.

298.    Keez had exclusive possession of Plaintiff's scrap metal.

299. Keez accepted the scrap metal in good condition but failed to deliver the scrap metal as entrusted.

300. In failing to deliver Plaintiff's scrap metal, Keez breached its duty of care to Plaintiff.

301. As a direct and proximate result of Keez's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

302. As a direct and proximate result of Keez's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, FIRST KEEZ ACQUISITIONS LLC.

## COUNT XLI
### (Breach of Contract — Stone Transport, LP)

303. Plaintiff incorporates and realleges the allegations in Paragraphs 1 – 39 as if fully restated herein.

304. Stone, as a subcontractor of a vendor/contractor of Plaintiff, owed Plaintiff a contractual obligation related to the transportation of scrap materials.

305. Stone breached its contractual obligations by failing to properly and safely deliver all of Plaintiff's scrap metal.

306. As a direct and proximate result of Stone's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

307. As a direct and proximate result of Stone's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendant, STONE TRANSPORT, LP.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Plaintiff, UNITED STATES STEEL CORPORATION, prays for judgment against Defendants, SUMMIT, INC., STONE TRANSPORT, LOAD N GO EXPRESS, LLC, J&D TRUCKING, INC., FIRST KEEZ ACQUISITIONS LLC, JOHN RUSSELL SMITH JR., JOSHUA CURTIS RIDDLE, JACOB ALLEN REYNOLDS, MARLAND TIRRELL BARNER, RAFAEL ANTONIO BERRIOS JR., WARDELL W. BROWN, and AARON EUGENE GODLEY as follows:

A.  For an award against Defendants in an amount to be proven at trial including treble damages, but in no event less than the value of Plaintiff's scrap metal in excess of $5 Million;

B.  For an award of its reasonable attorney's fees incurred in prosecuting this action;

C.  For an award of taxable costs and other litigation expenses; and

D.  For any other relief that the Court finds just and proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:    /s/ *Brandon J. Kroft*
       One of the Attorneys for Plaintiff,
       UNITED STATES STEEL CORPORATION

CASSIDAY SCHADE LLP
Brandon J. Kroft, #23400-64
bkroft@cassiday.com
John T. VanDenburgh, #31545-64
jvandenburgh@cassiday.com
233 East 84th Drive, Suite 305
Merrillville, IN  46410
(219) 663-5575
(219) 795-1486 - Fax

## JURY DEMAND

Plaintiff, UNITED STATES STEEL CORPORATION, hereby demands a trial by jury on all issues that are so triable.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:    /s/ *Brandon J. Kroft*
One of the Attorneys for Plaintiff,
UNITED STATES STEEL CORPORATION

CASSIDAY SCHADE LLP
Brandon J. Kroft, #23400-64
bkroft@cassiday.com
John T. VanDenburgh, #31545-64
jvandenburgh@cassiday.com
233 East 84th Drive, Suite 305
Merrillville, IN  46410
(219) 663-5575
(219) 795-1486 - Fax