UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES STEEL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SUMMIT INC., *et al.*,<br><br>    Defendants.<br><br>and<br><br>SUMMIT INC.,<br><br>    Cross Claimant,<br><br>    v.<br><br>J&D TRUCKING INC., *et al.*,<br><br>    Crossclaim Defendants. | Case No. 2:24-CV-126-GSL-JEM |

## **OPINION AND ORDER**

This matter is before the Court on Load N Go Express, LLC's Motion to Dismiss [DE 77] filed on October 31, 2024, and on Stone Transport, LP's Motion to Dismiss First Amended Complaint [DE 79] also filed on October 31, 2024. Plaintiff United States Steel Corporation filed responses to the motions on December 12, 2024, to which Defendant Load N Go Express and Defendant Stone Transport LP replied on December 31, 2024, and January 2, 2025, respectively. The Court held a hearing on the motions on January 29, 2025. For the reasons below, the Court grants in part and denies in part the motions and dismisses the Carmack Amendment, fraud, breach of contract, and negligent hiring, training, or supervision claims brought by Plaintiff against these Defendants.

**BACKGROUND**

Plaintiff initiated this cause of action by filing a complaint on April 11, 2024, alleging the theft of scrap metal valued at more than $5 million. After a first round of motions to dismiss were filed, Plaintiff filed an amended complaint on October 17, 2024. In the amended pleading, the claims against Defendant Stone Transport are brought under the Carmack Amendment (Count II), Indiana Crime Victims Relief Act (Count VII), conversion (Count XVIII), negligent hiring, training, or supervision (Count XXX), fraud (Count XXXIV), negligent bailment (Count XXXVII), and breach of contract (Count XLI). The claims against Defendant Load N Go Express, LLC are brought under the Carmack Amendment (Count III), Indiana Crime Victims Relief Act (Count VIII), conversion (Count XIX), negligent hiring, training, or supervision (Count XXXI), fraud (Count XXXV), and negligent bailment (Count XXXVIII). Both Defendants have moved for dismissal of all claims brought against them.

**LEGAL STANDARD**

A complaint survives a Rule 12(b)(6) motion to dismiss when it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

2

ANALYSIS

**A. Carmack Amendment (Counts II and III)**

"The Carmack Amendment governs liability of a common carrier to a shipper for loss of, or damage to, an interstate shipment." *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Here, Defendants Stone Transport and Load N Go contend that Plaintiff alleges only an intrastate shipment and not an interstate one.

Plaintiff alleges "Stone is a subcontractor of a vendor/contractor of Plaintiff's, through which Stone is contractually obligated to Plaintiff to transport Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility." (Am. Compl. ¶ 28, ECF No. 70). The Midwest Plant is in Portage, Indiana, and the Gary Works is in Gary, Indiana. *Id.* ¶ 27. Plaintiff also alleges "[w]hile the majority of these loads of the scrap metal had a final destination at the Gary Works facility, some of the loads were also transported to other locations out of state." *Id.* ¶ 29.

Plaintiff has not alleged interstate shipment. The shipment at issue is from Portage, Indiana, to Gary, Indiana, and there is no reasonable route between the two locations that involves out-of-state travel. That some of the scrap metal may have been intended for a subsequent, out-of-state shipment from the Gary Works facility is immaterial. The "shipment" at issue began in Portage and ended in Gary, all within the state of Indiana.

This is not the same situation as the one presented in *Brunner v. Beltmann Group Inc.*, No. 1:19-cv-3396, 2020 WL 635905 (N.D. Ill. Feb. 11, 2020), cited by Plaintiff. In *Brunner*, the carrier at issue moved items purely intrastate, but the plaintiffs did not receive the shipment in-state—another carrier moved the shipment to the out-of-state final destination where Plaintiffs took possession. *Id.* at *1. Though Plaintiffs cite *Brunner*, the opinion supports Defendants'

position by noting that "[c]ourts have found separate shipments where the shipper received the goods and had a chance to examine them before reshipping them." *Id.* at *8 (citing *S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.*, 695 F.2d 253, 257–58 (7th Cir. 1982).

Here, there are no allegations that Defendant Stone was merely transporting for an intrastate leg of the shipment. Rather, the entire route of the shipment—from Plaintiff's Midwest Plant to Plaintiff's Gary Works—was intrastate. Plaintiff's argument to the contrary in its response brief does not match the allegations of the complaint, which are that Stone was to transport the scrap from the Midwest Plant to the Gary Works and that some of the scrap would be "also transported" out of state. Especially with Plaintiff having the opportunity to examine the shipment at the Gary Works, Plaintiff does not sufficiently allege facts to support the transport to Gary being the first leg of a longer shipment. Therefore, the Court dismisses Counts II and III.

### B.  Scope of Employment (Counts VII, VIII, XVIII, XIX, XXXVII, and XXXVIII)

Defendants argue that the conversion, negligent bailment, and Indiana Crime Victims Relief Act claims should be dismissed because Plaintiff has not alleged that Defendants' employees acted within the scope of their employment. The parties agree that Indiana law applies to the state-law claims. In Indiana, "the scope of employment encompasses the activities that the employer delegates to employees or authorizes employees to do, plus employees' acts that naturally or predictably arise from those activities." *Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 461 (Ind. 2018). "[T]he scope of employment may include unauthorized acts, forbidden acts, acts that violate an employer's instructions, acts that breach the employee's professional duty, or acts that are malicious or criminal." *Martinez v. Oaklawn Psychiatric Ctr., Inc.*, 128 N.E.3d 549, 557 (Ind. Ct. App.), *decision clarified on reh'g,* 131 N.E.3d 777 (Ind. Ct. App. 2019). On the other hand, "tortious acts are not within the scope of employment when they flow

from a course of conduct that is independent of activities that serve the employer." *Cox*, 107 N.E.3d at 462.

Plaintiff alleges the following. "Smith, Riddle, Reynolds, Barner, Berrios, Brown, and Godley used trucks owned by Stone, Load n Go, and J&D to transport scrap metal owned by Plaintiff and sell the scrap metal to Summit without Plaintiff's approval or consent." Am. Compl. at 1–2. Smith, "an employee or agent of Stone at the time he committed theft by stealing Plaintiff's scrap metal," *id.* ¶ 85, was "acting within the scope of his employment or agency with Stone when he committed" the theft, *id.* ¶ 86. It was Smith who "organized a scheme to steal the scrap," *id.* ¶ 30, and was one of the people who "transported scrap metal belonging to Plaintiff from Stone to Summit," *id.* ¶ 32. Similarly, Barner, "an employee or agent of Load n Go at the time he committed theft by stealing Plaintiff's scrap metal," *id.* ¶ 93, was "acting within the scope of his employment or agency with Load n Go when he committed" the theft, *id.* ¶ 94, and "transported scrap metal belonging to Plaintiff from Stone to Summit," *id.* ¶ 32.

These allegations plausibly plead that Smith and Barner were acting within the scopes of their employment with Stone and Load n Go. In *Cox*, the Indiana Supreme Court held that a reasonable jury could determine that it is natural and predictable that police officers could misuse their employer-granted authority to coerce unwilling victims into sexual acts. *Cox*, 107 N.E.3d at 462–63. Here, a reasonable jury could determine that it is natural and predictable for drivers of valuable cargo to steal it by diverting it to a different location than its intended destination. Smith's and Barner's alleged theft flowed from the actions that served their employers: transporting Plaintiff's scrap metal. Accordingly, under *Cox*, Defendants' argument fails.

5

### C. Indiana Crime Victims Relief Act (Count VII)

Defendant Stone also asks for dismissal of the Indiana Crime Victims Relief Act (ICRVA) claim against it because Plaintiff has not alleged the elements of theft. Under the ICVRA, "[i]f a person . . . suffers a pecuniary loss as a result of a violation of IC 35-43 . . . , the person may bring a civil action against the person who caused the loss." Ind. Code § 34-24-3-1. Theft is an offense covered by the ICVRA and occurs when a person "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2(a).

Plaintiff alleges that Smith committed theft by stealing Plaintiff's scrap metal, depriving Plaintiff of the value of the metal. Am. Compl. ¶¶ 85, 87. Plaintiff also alleges that Smith transported Plaintiff's scrap metal from Stone to a scrap yard. *Id.* ¶¶ 32–33. Plaintiff further alleges that Smith has been charged with felonies, including theft. *Id.* ¶ 37. The Court takes judicial notice of the criminal case for theft filed against Smith in Porter Superior Court case number 64D05-2310-F5-009134, which was decided upon Smith's plea of guilty to Aiding and Abetting Theft as a Level 5 felony.[1,2] *State v. Smith*, No. 64D05-2310-F5-009134 (Jul. 24, 2024) (Judgment and Sentencing Order). Based on Plaintiff's allegations and the reasonable inferences that may be drawn from them, Plaintiff alleges that it has suffered a loss from a qualifying crime under the ICVRA. Defendant Stone's argument fails.

### D. Fraud (Counts XXXIV and XXXV)

Defendants assert that Plaintiff has not met the pleading standard for its fraud claims. Under Indiana law, the elements of a fraud claim are:

---

[1] "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4.

[2] Under Federal Rule of Evidence 201(e), the parties are entitled, upon timely request, to be heard on the propriety of this judicial notice.

> "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of."

*Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (quoting *Lawyers Title Ins. v. Pokraka,* 595 N.E.2d 244, 249 (Ind. 1992)). Additionally, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud," though intent and knowledge can be alleged generally. This means plaintiffs must "describe[e] the who, what, when, where, and how of the fraud." *Cincinnati Life Ins. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013) (internal quotation marks omitted) (quoting *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011)). The specific level of particularity needed depends on the facts of each case. *Id.*

Plaintiff alleges the following. Stone and Load n Go, through Smith and Barner, made the material misrepresentations that they "had the ability to safely deliver Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility." Am. Compl. ¶¶ 255, 262. These misrepresentations were made knowingly or with reckless indifference to the truth. *Id.* ¶¶ 256, 263. Plaintiff relied on the misrepresentations, *id.* ¶¶ 258, 265, and incurred damages of over $5 million, *id.* ¶¶ 259-60, 266-67. Plaintiff also alleges that Smith and Barner, in the scopes of their employment and despite having made their representations, actively participated in the scheme to steal the scrap. *Id.* ¶¶ 257, 264. The allegations regarding the misrepresentations are lacking the required particularity. Though Plaintiff alleges who made the misrepresentations and what they contained, Plaintiff does not allege when then were made, where they were made, to whom they were made, or by what medium they were made. Perhaps not all of these details are needed, as the analysis is case-specific, but some additional degree of particularity is needed to pass Rule 9(b)'s requirements here.

Plaintiff argues that it identified the "when" of the fraud by alleging that the theft occurred between August 17, 2020, and August 4, 2022. This argument fails for two reasons. First, the time period alleged is when the *theft* occurred. What is needed is the time when the *fraudulent representation* was made. Second, identifying two years within which this particular fraud occurred is insufficient. Similarly, Plaintiff maintains that the "where" is identified as the Midwest Plant, but that is alleged to be where the diverted scrap metal shipments began and not where the misrepresentation was made. Likewise, Plaintiff's asserted "how" is the way the theft was made and not how the fraudulent misrepresentation was communicated. In short, Plaintiff alleges a when, where, and how for the theft but not the fraud. The Court dismisses the fraud claims for failure to plead those claims with the required particularity.

### E. Negligent Hiring, Training, or Supervision (Counts XXX and XXXI)

"Indiana recognizes the tort of negligent hiring and retention of an employee and has adopted Restatement [(Second) of Torts] § 317 as the standard in regard to such a claim." *Hudgins v. Bemish*, 64 N.E.3d 923, 933 (Ind. Ct. App. 2016). Section 317 provides:

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> . . .
>
> (b) the master
>
> (i) knows or has reason to know that he has the ability to control his servant, and
>
> (ii) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts § 317 (1965).

Defendants argue that Plaintiff's allegation of these negligence claims is conclusory. Load n Go in particular identifies that Plaintiff was obliged to plausibly allege that Load n Go knew or should have known that it needed to control its employee to not commit the alleged theft. Plaintiff counters that Federal Rule of Civil Procedure 9(b) permits "[m]alice, intent, knowledge, and other conditions of a person's mind" to be pled generally. What Rule 9(b) does not do, however, is remove Federal Rule of Civil Procedure 8(a)(2)'s requirement for a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. In *Iqbal*, the Supreme Court found Rule 8 violated where there were no factual allegations "sufficient to plausibly suggest [a] discriminatory state of mind." *Id.* at 683. Here, Plaintiff does not allege facts that plausibly suggest Defendants knew or should have known that they needed to exercise control over their employees to prevent their scheme to take Plaintiff's scrap metal. The Court dismisses these counts.

### F. Breach of Contract (Count XLI)

The parties agree that Plaintiff has not alleged a contract between Plaintiff and Defendant Stone.[3] The parties' disagreement is whether Plaintiff alleges that it is a third-party beneficiary to the contract with the right to sue for breach. Under Indiana law, "[i]t is not enough that performance of the contract would be of benefit to the third party" for a third party to have the right to sue for breach of that contract. *Frame Station, Inc. v. Foundry at 304, LLC*, 227 N.E.3d 939, 947 (Ind. Ct. App. 2024); *accord Partin v. Baptist Healthcare Sys., Inc.*, 135 F.4th 549, 562 (2025). Instead,

> to enforce a contract by virtue of being a third-party beneficiary, an entity must show (1) clear intent by the actual parties to the contract to benefit the third party; (2) a duty imposed on one of the contracting parties in favor of the third party; and

---
[3] Plaintiff does not bring a breach of contract claim against Defendant Load n Go.

9

> (3) performance of the contract terms necessary to render the third party a direct benefit intended by the parties to the contract. Among these three factors, the intent of the contracting parties to benefit the third-party is controlling.

*Anonymous Physician 1 v. White*, 153 N.E.3d 272, 278 (Ind. Ct. App. 2020) (quoting *Flaherty & Collings, Inc. v. BBR-Vision I, L.P.*, 990 N.E.2d 958, 971 (Ind. Ct. App. 2013)).

Plaintiff alleges "Stone is a subcontractor of a vendor/contractor of Plaintiff's, through which Stone is contractually obligated to Plaintiff to transport Plaintiff's scrap metal from Plaintiff's Midwest Plaint to its Gary Works facility." Am. Compl. ¶ 28. This allegation satisfies the duty element for a third-party beneficiary but is insufficient to allege the intent element. Allegations of benefit to Plaintiff as a third party to the contract is not enough for Plaintiff to have the right to sue for the contract's breach. As a result, the Court dismisses this count.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Load N Go Express, LLC's Motion to Dismiss [DE 77] and Stone Transport, LP's Motion to Dismiss First Amended Complaint [DE 79]. The Court **DISMISSES** Counts II, III, XXX, XXXI, XXXIV, XXXV, and XLI. The claims for conversion and negligent bailment and the claims brought under the Indiana Crime Victims Relief Act remain pending against both Defendants.

SO ORDERED.

ENTERED: September 11, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court