**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:24-cv-00126-GSL-JEM |
| | ) |
| SUMMIT, INC., STONE TRANSPORT, LP, | ) |
| LOAD N GO EXPRESS, LLC, J&D TRUCKING, | ) |
| INC.,  FIRST KEEZ ACQUISITIONS, LLC | ) |
| JOHN RUSSELL SMITH JR., JOSHUA CURTIS | ) |
| RIDDLE, JACOB ALLEN REYNOLDS, | ) |
| MARLAND TIRRELL BARNER, RAFAEL | ) |
| ANTONIO BERRIOS JR., & WARDELL W. | ) |
| BROWN, & AARON EUGENE GODLEY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT LOAD N GO EXPRESS, LLC'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Load N Go Express, LLC, by and through its attorneys, Stephen M. Brandenburg of SARKISIAN, SARKISIAN & ASSOC., P.C., and for its Answer to Plaintiff's First Amended Complaint, states as follows:

**Statement of the Case**

In this action, Plaintiff requests relief from the Court for losses stemming from Defendants' theft of scrap metal from Plaintiff. Specifically, Smith, Riddle, Reynolds, Barner, Berrios, Brown, and Godley used trucks owned by Stone, Load n Go, and J&D to transport scrap metal owned by Plaintiff and sell the scrap metal to Summit without Plaintiff's approval or consent. The value of the scrap metal stolen by Defendants is in excess of $5 million. Plaintiff also suffered lost profits as a result of Defendants depriving Plaintiff of the future use of the scrap metal and has incurred other damages for which it seeks compensation.

1

**ANSWER**:    Defendant denies the allegations in the Statement of the Case of Plaintiff's First Amended Complaint.

<strong><u>Parties</u></strong>

1.    United States Steel Corporation is a Delaware corporation with its principal office in Pittsburgh, Pennsylvania.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 1 of Plaintiff's First Amended Complaint.

2.    Summit, Inc. is an Indiana corporation with its principal office in Gary, Indiana.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 2 of Plaintiff's First Amended Complaint.

3.    Stone Transport, LP is a Michigan limited partnership with its principal office in Saginaw, Michigan.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 3 of Plaintiff's First Amended Complaint.

4.    Publicly available information, both through the Michigan Department of Licensing and Regulatory Affairs Corporations Online Filing System ("LARA") and dockets, reveals the membership of Stone Transport to be as follows:

   i.    STGP, LLC, a Michigan limited liability company, is the general partner of Stone Transport, LP.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 4 of Plaintiff's First Amended Complaint.

5.    Publicly available information, both through LARA and dockets, does not reveal the membership of STGP, LLC. (A true and correct copy of the available information through LARA is attached hereto as <u>Exhibit A</u>).

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 5 of Plaintiff's First Amended Complaint.

6.    Similarly, publicly available information, both through LARA and dockets, does not reveal the identity of Stone Transport's limited partners. (A true and correct copy of the available information through LARA is attached hereto as Exhibit B).

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 6 of Plaintiff's First Amended Complaint.

7.    Based on information and belief, none of the partners of Stone Transport, LP are citizens of Delaware.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 7 of Plaintiff's First Amended Complaint.

8.    Based on information and belief, none of the partners of Stone Transport, LP are citizens of Pennsylvania.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 8 of Plaintiff's First Amended Complaint.

9.    Based on information and belief, none of the members of STGP, LLC are citizens of Delaware.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 9 of Plaintiff's First Amended Complaint.

10.    Based on information and belief, none of the members of STGP, LLC are citizens of Pennsylvania.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 10 of Plaintiff's First Amended Complaint.

11. Load n Go Express, LLC is an Indiana limited liability company with its principal office in Merrillville, Indiana.

**ANSWER**: Defendant admits the allegations in Paragraph No. 11 of Plaintiff's First Amended Complaint.

12. The members of Load n Go are as follows:

    i. Ilija Pecoski, a citizen of Indiana; and

    ii. Aleksandar Ristevski, a citizen of Indiana.

**ANSWER**: Defendant admits the allegations in Paragraph No. 12 of Plaintiff's First Amended Complaint.

13. J&D Trucking, Inc. is an Illinois corporation with its principal office in Oak Lawn, Illinois.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 13 of Plaintiff's First Amended Complaint.

14. First Keez Acquisitions LLC is an Indiana limited liability company with its principal office in Portage, Indiana.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 14 of Plaintiff's First Amended Complaint.

15. The members of Keez are as follows:

    i. Aaron Eugene Godley, a citizen of Florida.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 15 of Plaintiff's First Amended Complaint.

16. John Russell Smith Jr. is a citizen of Indiana.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 16 of Plaintiff's First Amended Complaint.

17.    Joshua Curtis Riddle is a citizen of Illinois.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 17 of Plaintiff's First Amended Complaint.

18.    Jacob Allen Reynolds is a citizen of Indiana.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 18 of Plaintiff's First Amended Complaint.

19.    Marland Tirrell Barner is a citizen of Illinois.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 19 of Plaintiff's First Amended Complaint.

20.    Rafael Antonio Berrios Jr. is a citizen of Indiana.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 20 of Plaintiff's First Amended Complaint.

21.    Wardell W. Brown is a citizen of Illinois.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 21 of Plaintiff's First Amended Complaint.

22.    Aaron Eugene Godley is a citizen of Florida.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 22 of Plaintiff's First Amended Complaint.

## Jurisdiction and Venue

23.    This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 as several claims arose under 49 U.S.C. § 14706 et seq. (the "Carmack Amendment").

**ANSWER**:    Defendant denies the allegations in Paragraph No. 23 of Plaintiff's First Amended Complaint.

24.    This Court has supplemental jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. § 1367.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 24 of Plaintiff's First Amended Complaint.

25.    Additionally, this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 25 of Plaintiff's First Amended Complaint.

26.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as several Defendants reside in the Northern District of Indiana and a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Indiana.

**ANSWER**:    Defendant admits the allegations in Paragraph No. 26 of Plaintiff's First Amended Complaint.

<b><u>Facts Common to All Claims</u></b>

27.    Plaintiff is a steel producer that serves the automotive, construction, appliance, energy, containers, and packaging industries with high-valued steel products. Plaintiff has facilities at, among other locations, 6290 U.S. 12, Portage, Indiana 46368 (the "Midwest Plant") and 1 Broadway, Gary, Indiana 46402 ("Gary Works").

**ANSWER**:    Defendant lacks sufficient information to admit or deny allegations in Paragraph No. 27 of Plaintiff's First Amended Complaint.

28. Stone is a subcontractor of a vendor/contractor of Plaintiff's, through which Stone is contractually obligated to Plaintiff to transport Plaintiff's scrap metal from Plaintiff's Midwest Plant to its Gary Works facility.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 28 of Plaintiff's First Amended Complaint.

29. While the majority of these loads of the scrap metal had a final destination at the Gary Works facility, some of the loads were also transported to other locations out of state.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 29 of Plaintiff's First Amended Complaint.

30. On, about, or between August 17, 2020 and August 4, 2022, Smith organized a scheme to steal the scrap metal belonging to Plaintiff.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 30 of Plaintiff's First Amended Complaint.

31. Smith recruited other individuals to assist in his scheme, including Riddle, Reynolds, Barner, Berrios, Brown, and Godley (referred to collectively as the "Individual Defendants").

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 31 of Plaintiff's First Amended Complaint.

32. Between August 17, 2020 and August 4, 2022, the Individual Defendants transported scrap metal belonging to Plaintiff from Stone to Summit.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 32 of Plaintiff's First Amended Complaint.

33. Summit is a scrap yard located in Gary, Indiana.

**ANSWER**:    Defendant admits the allegations in Paragraph No. 33 of Plaintiff's First Amended Complaint.

34.    The Individual Defendants transported Plaintiff's scrap metal from Stone to Summit using trucks belonging to Stone, Load n Go, and J&D Trucking.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 34 of Plaintiff's First Amended Complaint.

35.    Summit paid the Individual Defendants for the scrap metal and took possession of the scrap metal.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 35 of Plaintiff's First Amended Complaint.

36.    Godley deposited his proceeds from the theft of the scrap metal into a bank account maintained by Keez.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 36 of Plaintiff's First Amended Complaint.

37.    As a result of their scheme, the Individual Defendants have been charged with multiple felonies, including theft and check fraud.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 37 of Plaintiff's First Amended Complaint.

38.    The value of the stolen scrap metal is in excess of $5 million.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 38 of Plaintiff's First Amended Complaint.

39.    Plaintiff also suffered lost profits as a result of being deprived of the future use of the scrap metal as well as other damages.

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 39 of Plaintiff's First Amended Complaint.

**COUNTS I though V**
**(Carmack Amendment Claims)**

Defendant, Load N Go Express, LLC provides no response to the allegations in these counts as they have been dismissed by the Court and/or are not directed at this defendant.

**COUNT VI**
**(Indiana Crime Victim's Relief Act Claims - Summit, Inc**.)

Defendant, Load N Go Express, LLC provides no response to the allegations in this count as it is not directed at this defendant.

**COUNT VII**
**(Indiana Crime Victim's Relief Act Claims - Stone Transport, LP)**

Defendant, Load N Go Express, LLC provides no response to the allegations in this count as it is not directed at this defendant.

**COUNT VIII**
**(Indiana Crime Victim's Relief Act Claims - Load n Go Express, LLC)**

89.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 - 39 as if fully restated herein.

**ANSWER**:    Defendant incorporates its answers to Paragraphs 1 through 39 as if fully restated herein.

90.    Indiana Code § 34-24-3-1 provides that a party who suffers a pecuniary loss as the result of certain enumerated crimes may bring a civil action against the person or entity who caused the loss.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 90 of Plaintiff's First Amended Complaint.

9

91.      One of the enumerated offenses under Indiana Code § 34-24-3-1 is theft.

**ANSWER**:      Defendant denies the allegations in Paragraph No. 91 of Plaintiff's First Amended Complaint.

92.      At least one of the Individual Defendants was an employee or agent of Load n Go at the time they committed theft by stealing Plaintiff's scrap metal.

**ANSWER**:      Defendant denies the allegations in Paragraph No. 92 of Plaintiff's First Amended Complaint.

93.      Barner was an employee or agent of Load n Go at the time he committed theft by stealing Plaintiff's scrap metal.

**ANSWER**:      Defendant denies the allegations in Paragraph No. 93 of Plaintiff's First Amended Complaint.

94.      Barner was acting within the scope of his employment or agency with Load n Go when he committed theft by stealing Plaintiff's scrap metal.

**ANSWER**:      Defendant denies the allegations in Paragraph No. 94 of Plaintiff's First Amended Complaint.

95.      Asa direct and proximate result of Barner committing said theft while acting within the scope of his employment or agency with Load n Go, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

**ANSWER**:      Defendant denies the allegations in Paragraph No. 95 of Plaintiff's First Amended Complaint.

96.      As a direct and proximate result of Barner committing said theft while acting within the scope of his employment or agency with Load n Go, Plaintiff has incurred, and will continue to incur, attorney fees.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 96 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Load N Go Express, LLC, requests a judgment in its favor and against the Plaintiff on all counts, and for all other just and proper relief.

## COUNTS IX - XVII
### (Indiana Crime Victim's Relief Act Claims)

Defendant, Load N Go Express, LLC provides no response to the allegations in these counts as they are not directed at this defendant.

## COUNTS XVIII
### (Conversion)

Defendant, Load N Go Express, LLC provides no response to the allegations in this count as they are not directed at this defendant.

## COUNT XIX
### (Conversion - Load n Go Express, LLC)

168.    Plaintiff incorporates and realleges the allegations in Paragraphs 1 - 39 as if fully restated herein.

**ANSWER**:    Defendant incorporates its answers to Paragraphs 1 through 39 as if fully restated herein.

169.    At all times relevant to this Complaint, Barner was an employee or agent of Load n Go.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 169 of Plaintiff's First Amended Complaint.

170.    Barner appropriated Plaintiff's scrap metal and deprived Plaintiff of the use and benefit of that scrap metal.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 170 of Plaintiff's First Amended Complaint.

171.    Barner was acting within the scope of his employment or agency with Load n Go when he deprived Plaintiff of the use and benefit of the scrap metal.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 171 of Plaintiff's First Amended Complaint.

172.    As a direct and proximate result of Barner's actions, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 172 of Plaintiff's First Amended Complaint.

173.    As a direct and proximate result of Barner's actions, Plaintiff has incurred, and will continue to incur, attorney fees.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 173 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Load N Go Express, LLC, requests a judgment in its favor and against the Plaintiff on all claims, and for all other just and proper relief.

**COUNTS XX – XXVIII**
**(Conversion)**

Defendant, Load N Go Express, LLC provides no response to the allegations in these counts as they are not directed at this defendant.

**COUNTS XXIX - XXXIII**
**(Negligent Hiring, Training, or Supervision Claims)**

Defendant, Load N Go Express, LLC provides no response to the allegations in these counts as they have been dismissed by the Court and/or are not directed at this defendant.

## COUNTS XXXIV – XXXVI
### (Fraud)

Defendant, Load N Go Express, LLC provides no response to the allegations in these counts as they have been dismissed by the Court and/or are not directed at this defendant.

## COUNT XXXVII
### (Negligent Bailment - Stone Transport, LP)

Defendant, Load N Go Express, LLC provides no response to the allegations in these counts as they are not directed at this defendant.

## COUNT XXXVIII
### (Negligent Bailment - Load n Go Express, LLC)

282. Plaintiff incorporates and realleges the allegations in Paragraphs 1 - 39 as if fully restated herein.

**ANSWER**:    Defendant incorporates its answers to Paragraphs 1 through 39 as if fully restated herein.

283. Load n Go was entrusted with Plaintiff's scrap metal for the specific purpose of delivering the scrap metal to Plaintiff's Gary, Indiana plant.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 283 of Plaintiff's First Amended Complaint.

284. Load n Go had exclusive possession of Plaintiff's scrap metal.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 284 of Plaintiff's First Amended Complaint.

285. Load n Go accepted the scrap metal in good condition but failed to deliver the scrap metal as entrusted.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 285 of Plaintiff's First Amended Complaint.

286.    In failing to deliver Plaintiff's scrap metal, Load n Go breached its duty of care to Plaintiff.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 286 of Plaintiff's First Amended Complaint.

287.    As a direct and proximate result of Load n Go's breach, Plaintiff was deprived of the value of the scrap metal and suffered damages in excess of $5 million.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 287 of Plaintiff's First Amended Complaint.

288.    As a direct and proximate result of Load n Go's breach, Plaintiff has incurred, and will continue to incur, attorney fees.

**ANSWER**:    Defendant denies the allegations in Paragraph No. 288 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Load N Go Express, LLC, requests a judgment in its favor and against the Plaintiff on all counts, and for all other just and proper relief.

## COUNT XXXIX – XL
### (Negligent Bailment)

Defendant, Load N Go Express, LLC provides no response to the allegations in this count as they are not directed at this defendant.

## COUNT XLI
### (Breach of Contract — Stone Transport, LP)

Defendant, Load N Go Express, LLC provides no response to the allegations in this count as they are not directed at this defendant.

WHEREFORE, Defendant Load N Go Express, LLC, requests a judgment in its favor and against the Plaintiff on all counts, and for all other just and proper relief.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant, Load N Go Express, LLC, by and through its attorneys, Stephen M. Brandenburg of SARKISIAN, SARKISIAN & ASSOC., P.C. for its Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

1.      *Lack of Subject Matter Jurisdiction*. The Court does not have subject matter jurisdiction over Load N Go by virtue of 28 U.S.C. §1332 because the Court does not possess original jurisdiction due to a lack of complete diversity.

2.      *Lack of Subject Matter Jurisdiction*. The Court does not have subject matter jurisdiction over Load N Go by virtue of 28 U.S.C. §1367 because the Court does not possess original jurisdiction due to a lack of complete diversity and Plaintiff's claims based upon supplemental jurisdiction are not so related to the other claims in the Amended Complaint that they form part of the same case or controversy.

3.      *Statute of Limitations*. The alleged theft occurred from August 17, 2022 through August 4, 2022. It is alleged to have been ongoing for three years. The applicable statute of limitations for claims arising from injuries to personal property is two years pursuant to Ind. Code 34-11-2-4. The applicable statute of limitations precludes Plaintiff's claims against Load N Go Express, LLC.

3.      *Contributory Negligence* Plaintiff's claims are barred or, in the alternative, its damages must be reduced in proportion to its own percentage of fault under the Indiana Comparative Fault Act, Ind. Code § 34-51-2-1 *et seq*. Plaintiff's own negligence was a direct and proximate cause of its alleged damages. Plaintiff's fault includes, but is not limited to:

- Failing to adequately supervise its own employees, agents, and vendors operating on its premises;

- Failing to implement, maintain, and enforce reasonable security protocols to safeguard its property;

- Failing to detect or prevent the ongoing theft of tons of scrap metal from its own facility over a multi-year period; and/or

- Other negligent acts or omissions.

4.     *Laches* Plaintiff should be barred from seeking relief from Load N Go Express, LLC. Plaintiff's delay in attempting to enforce its claims against Load N Go is inexcusable as the alleged theft occurred over a three-year time frame and its negligence in supervising its own employees and vendors when the theft was allegedly tons of scrap material stored at its own facility. Plaintiff impliedly waived its possible rights associated with preventing the alleged theft due to apathy and acquiesced in the existing conditions at its facility. The delay and apathy of Plaintiff caused prejudice to Load N Go as Plaintiff seeks to collect funds from a business that received no benefit from the theft and did not encourage the theft.

5.     *Unclean hands.* Plaintiff admittedly allowed individuals to steal tons of fungible steel scrap from its own facility over a three-year period of time. Such an undertaking amounts to intentional gross negligence in supervision by Plaintiff or an intentional lack of supervision and control by Plaintiff's over its own employees. Plaintiffs should not be permitted to reap the benefits of its own misconduct.

WHEREFORE, Defendant Load N Go Express, LLC, requests a judgment in its favor and against the Plaintiff on all counts, and for all other just and proper relief.

Date: September 25, 2025                         Respectfully submitted,

                                                                    */s/ Stephen M. Brandenburg*

Stephen M. Brandenburg (28935-45)
SARKISIAN, SARKISIAN & ASSOC., P.C.
Attorney for Plaintiff
3645 Willowcreek Avenue
Portage, Indiana 46385
219-762-7718
stephen@sarklawfirm.com

## JURY DEMAND

Defendant, Load N Go Express, LLC, by and through counsel, demands a trial by jury on all counts triable as such.

/s/ Stephen M. Brandenburg

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a copy of the foregoing document has, on September 25, 2025, been served upon the all counsel of record via the Clerk of the Court's CM/ECF system.

/s/ Stephen M. Brandenburg