UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES STEEL
CORPORATION,

    Plaintiff,

    v.

SUMMIT, INC., *et al*.,

    Defendants.

Case No. 2:24-CV-00126-GSL-JEM

## **ORDER**

This matter is before the Court on the Motion to Clarify [DE 131] filed by Plaintiff, United States Steel Corporation, on December 16, 2025. Defendant, Stone Transport, LP ("Stone"), filed its Response [DE 133] on December 29, 2025. Plaintiff has not filed a reply, and the time to do so has passed. For the foregoing reasons, the Court **clarifies** that its December 16, 2025 dismissal [DE 116] of Counts II, III, XXX, XXXI, XXXIV, XXXV, and XLI of the First Amended Complaint against Stone and Load N Go Express is ***with* prejudice**.

### **Discussion**

On September 11, 2025, the Court ruled on Defendants' Stone Transport, LP and Load N Go Express motions to dismiss. *See* [DE 116]. The Court granted in part and denied in part the motions to dismiss. [*Id*.]. Specifically, it dismissed Counts II, III, XXX, XXXI, XXXIV, XXXV, and XLI of the First Amended Complaint against both Stone and Load N Go Express. [*Id*. at 10]. This dismissal was made pursuant to Federal Rule of Civil Procedure 12(b)(6). [*Id*.]. The claims for conversion and negligent bailment and the claims brought under the Indiana Crime Victims Relief Act remain pending against both Stone Transport and Load N Go Express. [*Id*.].

Plaintiff is now requesting that the Court clarify whether the dismissed counts are dismissed with or without prejudice. *See* [DE 131 at 2].  Plaintiff goes further to request that the Court "confirm that the dismissal … was without prejudice and does not foreclose Plaintiff's right to seek leave to amend under Fed. R. Civ. P. 15(a)(2) following discovery." [*Id*.]

A dismissal under Federal Rule of Civil Procedure 12(b)(6) "operates as an adjudication on the merits[,]" and is with prejudice unless otherwise specified. *Ryder v. Hyles*, 27 F.4th 1253, 1258 (7th Cir. 2022) (internal citations omitted); Fed. R. Civ. Pro. 41(b). Accordingly, this Court's dismissal of Counts II, III, XXX, XXXI, XXXIV, XXXV, and XLI of the First Amended Complaint against Stone and Load N Go Express is *with* prejudice.

To Plaintiff's further inquiry regarding its ability to seek leave to amend its complaint: although the Court must freely give leave to amend as justice so requires, amendment still must be warranted, especially given that Plaintiff has already amended its complaint once. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (reminding that the presumption is that a plaintiff, whose original complaint has been dismissed under Rule 12(b)(6), is to be given leave to amend before the entire action is dismissed).

SO ORDERED.

ENTERED: January 14, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

2