UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES STEEL
CORPORATION,

    Plaintiff,

    v.

SUMMIT, INC., *et al.*,

    Defendants.

Case No. 2:24-CV-00126-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on the Motion for Certification of Immediate Interlocutory Appeal [DE 146] filed by Plaintiff, United States Steel Corporation, on February 13, 2026. Defendants, Stone Transport, LP and Load n Go Express LLC (hereinafter collectively referred to as "Defendants"), filed their Responses [DE 150-151] on February 27, 2026. Plaintiff replied on March 5, 2026. *See* [DE 153].  For the foregoing reasons, Plaintiff's Motion [DE 146] is **DENIED**.

## BACKGROUND

Plaintiff initiated this cause of action on April 11, 2024, alleging the theft of scrap metal valued at more than $5 million. [DE 1]. After a first round of motions to dismiss were filed, Plaintiff filed an Amended Complaint [DE 70] on October 17, 2024.  In the Amended Complaint, Plaintiff brought claims against Defendants under the Carmack Amendment, Indiana Crime Victims Relief Act, as well as claims for conversion, negligent hiring, training, or supervision, fraud, negligent bailment, and breach of contract. [DE 70]. Defendants then moved to dismiss the Amended Complaint on October 31, 2024. *See* [DE 77, 79].

On September 11, 2025, the Court granted in part and denied in part the motions to dismiss. [DE 116]. The Court dismissed all claims against Defendants except for the claims of conversion, negligent bailment, and the claims brought under the Indiana Crime Victims Relief Act. [*Id.*].  Over three months later, on December 16, 2025, Plaintiff filed a motion requesting that the Court clarify whether the dismissed counts were dismissed with or without prejudice. *See* [DE 131 at 2]. Specifically, Plaintiff asked the Court to "confirm that the dismissal … was without prejudice and d[id] not foreclose Plaintiff's right to seek leave to amend under Fed. R. Civ. P. 15(a)(2) following discovery." [*Id.*]

On January 14, 2026, the Court clarified its earlier ruling as follows:

> A dismissal under Federal Rule of Civil Procedure 12(b)(6) "operates as an adjudication on the merits[,]" and is with prejudice unless otherwise specified. *Ryder v. Hyles*, 27 F.4th 1253, 1258 (7th Cir. 2022) (internal citations omitted); Fed. R. Civ. Pro. 41(b). Accordingly, this Court's dismissal of Counts II, III, XXX, XXXI, XXXIV, XXXV, and XLI of the First Amended Complaint against [Defendants] is *with* prejudice.

> To Plaintiff's further inquiry regarding its ability to seek leave to amend its complaint: although the Court must freely give leave to amend as justice so requires, amendment still must be warranted, especially given that Plaintiff has already amended its complaint once. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (reminding that the presumption is that a plaintiff, whose original complaint has been dismissed under Rule 12(b)(6), is to be given leave to amend before the entire action is dismissed).

[DE 145]. Now, more than five months after the Court decided Defendants' Motions to Dismiss (hereinafter referred to as the "Dismissal Order"), Plaintiff is asking that the Court immediately certify the Dismissal Order for interlocutory appeal. [DE 146].

## LEGAL STANDARD

The Court may certify an order for interlocutory appeal if it "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has interpreted § 1292(b)'s to impose four criteria, all of which must be met in order to justify certification:

> [T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed.

*Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "We have interpreted 'question of law' to refer to a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002).

## DISCUSSION

Before, analyzing whether the above criteria has been met, the Court must first determine whether the request to certify is timely. While "there is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under [28 U.S.C. § 1292(b) … a district judge should not grant an inexcusably dilatory request. *Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000*); INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 500 (7th Cir. 2020) (holding that seven months between the entry of the order sought to be appealed and the request for the district court's certification was untimely). Courts in this District as well as within the Seventh Circuit, have routinely held requests "filed more than *a month or so* after the order sought to be appealed are often deemed untimely." *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 2016 WL 1593232, at *5 (N.D. Ind. Apr. 21, 2016) (emphasis added); *see also Ballheimer v. Batts*, 2020 WL 6161550, at *1 (S.D. Ind. Oct. 21, 2020) (holding that "[w]hile there is no bright-line rule for reasonableness, delays of this length[, four months,] are routinely rejected as unreasonable by courts within our circuit"); (noting that two-

3

month delay was sufficient grounds to deny petition for interlocutory appeal); *Damiani for Estate of Damiani v. Allen,* 2018 WL 6505929, at *2 (S.D. Ind. Dec. 11, 2018) (holding that a request to certify 73 days later to be unreasonable); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Products Liab. Litig.*, 2012 WL 662334, at *1 (S.D. Ill. Feb. 29, 2012) (deeming 64-day delay to be untimely); *Abrams v. Van Kampen Funds, Inc., Fed.* Sec. L. Rep. P 92023 (N.D. Ill. Aug. 27, 2002) (explaining that "[t]he two-month delay in seeking certification may be considered inexcusably dilatory").

In its opening brief, Plaintiff does not address the reason for waiting more than five months to request certification of immediate interlocutory appeal. Defendants, however, argue that Plaintiff's request is "well outside the permissible bounds of a reasonable time after the Court entered the [September 11, 2025] order to be appealed." [DE 150 at 2]. In reply, Plaintiff justifies the lengthy delay with its need for clarification of the Dismissal Order. [DE 153 at 2]. Plaintiff argues that it was only on January 14, 2026, that the need for an immediate interlocutory appeal became apparent as that is when the Court clarified that the claims previously dismissed were dismissed with prejudice. [*Id*. 2-3]. Therefore, Plaintiff suggests that the one month between the clarification order and the filing of the instant motion is reasonable. [*Id*.]. To support this proposition, Plaintiff relies on *Gamboa v. City of Chicago*, 2004 WL 2877339, at *2 (N.D. Ill. Dec. 13, 2004).

In *Gamboa*, 75 days lapsed between the denial of the defendants 'motion to dismiss and their request for certification of interlocutory appeal. *Gamboa*, 2004 WL 2877339, at *2. The court's order denying the motion to dismiss was entered on June 29, 2004. [*Id*.]. Less than one month later, on July 22, 2026, the defendants requested leave to file a motion for a more definite statement, specifically they "questioned whether police corruption during the course of a single

investigation could be a "pattern of activity" under RICO simply because it had occurred over a long period of time, involved a variety of predicate acts and targeted several victims. *Id*. The district court found that ascertaining this clarification was necessary therefore holding their 75-day delay to be "excusable." *Id*. Here, Plaintiff's contend that the Dismissal Order "was unclear as to whether it was a final adjudication[,]" therefore it was necessary for clarification to be sought to determine whether the Court's dismissal, which was pursuant to Federal Rule of Civil Procedure 12(b)(6), was with or without prejudice. [DE 153 at 3].

Plaintiff's argument is unavailing. First, the circumstances in *Gamboa* are not analogous to the situation here. The *Gamboa* defendants presented the court with a substantive legal question regarding the qualification of "patterns of activity" under RICO. *Gamboa*, 2004 WL 2877339, at *2. Plaintiff here asked the Court to answer a well-established procedural question: whether a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is considered with or without prejudice. [DE 131].  The Seventh Circuit has routinely held that a dismissal under Rule 12(b)(6) "operates as an adjudication on the merits and *is with prejudice unless otherwise specified*." *Ryder v. Hyles*, 27 F.4th 1253, 1258 (7th Cir. 2022) (emphasis added); *see also Parker v. U.S. Dep't of Hous. & Urb. Dev.,* 2025 WL 654977, at *4 (7th Cir. Feb. 28, 2025) (explaining that "[d]ismissal for failure to state a claim … is a decision on the merits, which is normally with prejudice"); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015) (holding that "[a] dismissal under Rule 12(b)(6) … is a dismissal with prejudice"); *Miller v. Wisconsin*, 308 F. App'x 1, 2 (7th Cir. 2008) (finding that "dismissal for failure to state a claim, at any stage, should be with prejudice").

Moreover, as Defendants rightfully point out, the Seventh Circuit has warned that "the time limits in section 1292(b) may not be circumvented by the facile device of asking for

5

reconsideration of the order sought to be appealed under that section." *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990); *see also Green v. Meeks*, 2023 WL 6393023, at \*2 (S.D. Ill. Oct. 2, 2023) (holding that a request to certify 10 days after "the order was entered denying a motion for reconsideration [of an order entered more than 200 days prior]" untimely). This is precisely what Plaintiff appears to be doing by requesting clarification on the Dismissal Order three months after it was entered and then waiting another month to make the instant request pursuant to § 1292(b).

For these reasons, the Court finds that Plaintiff's request for certification for immediate interlocutory appeal is untimely, and the reasons provided for the lapse in time are unjustifiable. Therefore, the Court need not engage in the determining whether the four criteria set forth in 28 § 1292(b) have been met.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 146] is **DENIED**.

SO ORDERED.

ENTERED: April 13, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

6