UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES STEEL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT, INC., *et al.*,<br><br>Defendants. | Case No. 2:24-CV-00126-GSL-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff United States Steel Corporation's Motion for Default Judgment [DE 152] filed on March 4, 2026. Because granting the motion for default judgment would risk the possibility of inconsistent adjudications with respect to the remaining nondefaulting parties, the Motion is **DENIED** at this time.

**BACKGROUND**

Plaintiff, United States Steel Corporation ("USS"), initiated this cause of action on April 11, 2024. [DE 1]. USS filed an Amended Complaint [DE 70] on October 17, 2024. In the Amended Complaint, USS alleges that Defendants, Summit, Inc. ("Summit"), Stone Transport, LP ("Stone"), Load N Go Express LLC ("LnG"), J&D Trucking, Inc. ("J&D"), First Keez Acquisitions LLC ("First Keez"), and various individuals employed at each of these companies, organized a scheme to steel scrap metal belonging to USS. [*Id.* at ¶ 30]. The Individual Defendants have been identified as John Russell Smith, Jr., Joshua Curtis Riddle, Jacob Allen Reynolds, Marland Tirrell Barner, Rafael Antonio Berrios, Jr., Wardell W. Brown, and Aaron Eugene Godley (hereinafter referred to as "Individual Defendants"). [DE 70].

The Amended Complaint alleges a combination of common claims against each defendant, including the Individual Defendants as well as the various business defendants. *See generally* [DE 70]. The claims include conversion, negligent hiring, training, and supervision, fraud, breach of contract, negligent bailment, Carmack Amendment Claims, and violations of the Indiana Crime Victim's Relief Act ("ICVRA"). [*Id.*].

To date, only Summit, Stone, and LnG have appeared and filed an answer in this matter. [DE 75, 118-19]. First Keez, J&D, and the Individual Defendants have not answered the summons or appeared before the Court to defend the claims alleged against them. [DE 100, 152]. As a result, USS filed a motion for entry of default against First Keez, J&D, and the Individual Defendants pursuant to Federal Rule of Civil Procedure 55(a), which the Clerk of Court entered on January 5, 2026. [DE 101, 144]. USS is now moving for a default judgment. [DE 152].[1] [2]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and the entry of default judgment. Specifically, it sets forth a two-step process: "the establishment of the default, and the actual entry of default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). The distinction is important because "[u]pon default, the well-pleaded allegations of a complaint relating to *liability* are taken as true." *VLM*, 811 F.3d 247, 255 (quoting *Dundee Cement Co. v.*

[1] Although the Clerk of Court has entered default against J&D [DE 100-101], USS is not moving for a default judgment at this time.

[2] The Court notes that the nondefaulting defendants, Summit, LnG, and Stone, have not stated a position regarding the instant motion.

*Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (emphasis added). The first step is satisfied when the clerk of court enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b).

There is no question that the individual defendants, Smith, Riddle, Reynolds, Barner, Berrios, Brown, and Godley, as well as Defendant First Keez, have failed to answer or otherwise defend this suit. As stated previously, Defendants Summit, Stone, and LnG have filed answers to the Amended Complaint, denying wrongdoing. Additionally, each of the claims asserted against First Keez and the Individual Defendants are also asserted against the nondefaulting Defendants.

"[C]ourts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of default judgment prior to adjudication of the merits of the case with regard to the nondefaulting parties may be improper." *State Farm Fire & Cas. Co. v. Nokes*, 2010 WL 679057, at *2 (N.D. Ind. Feb. 23, 2010) (citing *State Farm Mut. Auto Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind. 1990)). However, Seventh Circuit courts have narrowly construed this notion and apply it only where the "theory of recovery is one of joint liability or when the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *Jackson,* 736 F.Supp. at 961 (citing *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806, 811 (7th Cir. 1987); *see also Home Ins. Co. of Il. v. ADCO Oil Co.,* 154 F.3d 739, 741 (7th Cir.1998) (holding that "[i]n a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all").

This lawsuit derives from an alleged scheme to steel scrap metal, orchestrated and executed by the Individual Defendants, while employed by Defendants Summit, Stone, LnG, J&D and First

Keez. [DE 70 at 2]. In other words, the claims against Defendants Summit, Stone, and LnG *depend* on the conduct allegedly committed by the Individual Defendants. [*Id.*]. If this Court were to grant USS' motion and enter a default judgment against First Keez and the Individual Defendants, but the nondefaulting Defendants are successful on the merits of the case that is still ongoing, inconsistent judgments arising out of the same conduct would result.

**CONCLUSION**

For the foregoing reasons, USS' Motion for Default Judgment [DE 152] is **DENIED** with leave to re-file once the claims against the nondefaulting Defendants have been resolved.

SO ORDERED.

ENTERED: September 10, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court